```
                                                            D/F
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA              JUDGMENT INCLUDING SENTENCE
            -v-                       UNDER THE SENTENCING REFORM ACT
BRIAN JEFFERSON
T/N: BRIAN SEANDALE OGLESBY           CASE NUMBER:CR-02-891 (ARR)
                                      CHARLES LAVINE, ESQ
------------------------------------x 30 VESEY STREET, 6th FL.
                                      NEW YORK, NEW YORK 10007
                                      Defendant's Attorney & Address
```

THE DEFENDANT:
XXX  pleaded guilty to count one of the superseding indictment.
___  was found guilty on counts                     after a plea of not guilty.
     Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 846, 841(a)(1) & 841(b)(1)(A) | CONSPIRACY TO DISTRIBUTE & TO POSSESS WITH INTENT TO DISTRIBUTE ONE KILOGRAM OR MORE OF HEROIN. | ONE (1) |

The defendant is sentenced as provided in pages 2 through   of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___  The defendant has been found not guilty on count(s)        and is discharged as
     to such count(s).
XXX  Remaining counts are dismissed on the motion of the United States.
XXX  It is ordered that the defendant shall pay to the United States a special
     assessment of $100.00 which shall be due  XXX immediately  ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_____             _____FEBRUARY 23, 2006_____
                                                 Date of Imposition of Sentence
Defendant's Date of Birth 4/9/79

Defendant's Mailing Address:                  ALLYNE R. ROSS, U.S.D.J.

604 IRVING AVENUE, 2nd FL.                        FEBRUARY 23, 2006
                                                        Date
BROOKLYN, NEW YORK 11237
                                              A TRUE COPY ATTEST
Defendant's Residence Address:                Date:_____
                                              ROBERT C. HEINEMANN
        ( SAME AS ABOVE )                     CLERK OF COURT
_____                 By:_____
                                                   DEPUTY CLERK

C/M

Defendant: BRIAN JEFFERSON  Judgment - Page    of
Case Number: CR-02-891(ARR)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of time served.

___ The Court makes the following recommendations to the Bureau of Prisons:

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,

    ___ at _____ a.m./p.m. on _____.
    ___ as notified by the Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    ___ before 12:00 noon on _____.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By_____

Defendant: BRIAN JEFFERSON  
Case Number: CR-02-891(ARR)

Judgment - Page c

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) Deft shall participate in substance abuse treatment with a treatment provider selected by the probation department. Treatment may include outpatient or residential treatment as determined by the probation department. Deft shall abstain from all illegal substances and/or alcohol. Deft shall contribute to the cost of services rendered via co-payment or full payment in an amount to be determined by the probation department, based upon the deft's ability to pay and/or the availability of third party payment.
2) Deft shall submit his person, residence, place of business, vehicle or any other premises under his control to a search upon request, by the U.S. Probation Department; such request being made on **REASONABLE SUSPICION** that contraband or evidence of a violation of a condition of supervision may be found - and pursuant to the formal policy of the U.S. Probation Department. The search is only to be conducted at a time and in a manner reasonable under the circumstances. Failure by the deft to submit to a search may be grounds for revocation; and the deft shall inform any other residents that the premises may be search pursuant to this condition.
3) Deft shall not possess any firearms.

___ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: BRIAN JEFFERSON  
Case Number: CR-02-891(ARR)

Judgment - Page of

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: BRIAN JEFFERSON                              Judgment - Page    o
Case Number: CR-02-891(ARR)

## FINE WITH SPECIAL ASSESSMENT

    The defendant shall pay to the United States the sum of $ __100.00__ , consisting of a fine of $ __N/A__ and a special assessment of $ __100.00__ .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

    This sum shall be paid ___ immediately
                              ___ as follows:

**XXX**  The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

        ___ The interest requirement is waived.
        ___ The interest requirement is modified as follows: